**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AFM MATTRESS COMPANY, LLC.,[1] ) | Case No. 25-11288 (MFW) |
| ) | |
| Debtor. ) | Hearing Date: September 9, 2025 at 10:30 a.m. (ET) |
| ) | Obj. Deadline: August 18, 2025 at 4:00 p.m. (ET) |

**DEBTOR'S MOTION FOR ORDER AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE PETITION DATE, AND GRANTING RELATED RELIEF**

The above-captioned debtor and debtor-in-possession (the "*Debtor*") by this motion (the "*Motion*"), pursuant to sections 105, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "*Bankruptcy Code*"), seeks entry of an order authorizing the Debtor to reject certain executory contracts listed on Exhibit 1 attached to the proposed form of order attached hereto as Exhibit A, *nunc pro tunc* to the Petition Date (as defined *infra.*), and granting other related relief as described herein. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtors consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court,

---

[1] The last four digits of the Debtor's federal tax identification number are 2209. The location of the Debtor's corporate headquarters is 1300 Pratt Blvd, Elk Grove Village, IL 60007.

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein is section 363(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "*Bankruptcy Code*").

4. The Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Case*") in this Court on July 6, 2025 (the "*Petition Date*"). The Debtor is authorized to continue operating its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On July 18, 2024, the Office of the United States Trustee appointed a statutory committee of unsecured creditors (the "*Committee*") in this case [Docket No. 35] pursuant to section 1102 of the Bankruptcy Code.

6. The Debtor owns and operates approximately 52 "American Mattress" retail store locations (as well as several warehouse locations) across Illinois and Indiana and maintains an e-commerce presence. Headquartered in Elk Grove Village, Illinois, the Debtor employs approximately 102 full- and part-time employees.

7. Additional information regarding the Debtor's business and the circumstances leading to the commencement of the Chapter 11 Case is set forth in the *Declaration of Michael Kenna In Support of First Day Motions* (the "*Kenna Declaration*") [Docket No. 13].

## **BACKGROUND**

8. Prior to and immediately following the Petition Date, the Debtor closed a number of underperforming stores, all of which are now vacated. The Debtor will no longer require the contracts and leases associated with these now-closed stores.

9.      The Debtor has had an opportunity to review its contracts to determine which are benefitting the estate, and the Debtor has closed number of its stores, which it has determined will no longer be necessary and beneficial to the estate. As such, rejection of the contracts on <u>Exhibit 1</u> *nunc pro tunc* to the Petition Date will benefit the estate by reducing the need to make payments for unnecessary contracts in this Chapter 11 Case, and will thus preserve the value of the Debtor's estate while maximizing recovery for creditors.[2]

## RELIEF REQUESTED

10.     By this Motion, pursuant to section 365 of the Bankruptcy Code, the Debtor seeks the entry of an order authorizing the Debtor to reject the executory contracts listed on <u>Exhibit 1</u> to the proposed Order attached hereto as <u>Exhibit A</u>, effective *nunc pro tunc* to the Petition Date.

## BASIS FOR RELIEF

### The Standard for Rejection

11.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.,* 83 F.3d 735, 741 (5th Cir. 1996) *(citing In re Muerexco Petroleum, Inc.,* 15 F.3d 60, 62 (5th Cir. 1994)).

---

[2] Nothing contained in this Motion shall constitute a waiver of any rights of the Debtor and its estate or an admission with respect to the Debtor's chapter 11 case, including, but not limited to, any issues involving characterization of contracts as executory or objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

12.     The decision to assume or reject an executory contract is a matter within the "business judgment" of the debtor. *See, e.g., In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *see also In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

13.     Rejection of an executory contract is appropriate where rejection of the contract would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.),* 872 F.2d 36, 40 (3d Cir. 1989). The standard for rejection is satisfied when a debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.),* 47 B.R. 425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate."). If the debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g., In re Federal Mogul Global, Inc.,* 293 B.R. at 126 (stating that the court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion); *see also In re Fleming Cos.,* 308 B.R. 689, 691 (Bankr. D. Del. 2004) ("The decision to reject an executory contract is a matter within the sound business judgment of the debtor.").

### **Rejection of the Contracts on Exhibit 1 is Appropriate**

14. Here, the Court should approve the rejection of the contracts on Exhibit 1 as these contracts have been rendered unnecessary by the Debtor's closing of the store locations. Since the Debtor has no business need for these contracts, continuing to make any payments associated with them is burdensome to the Debtor and its estate. Thus, rejecting the contracts identified on Exhibit 1 is a reasonable exercise of the Debtor's business judgment as it will preserve estate assets and therefore maximize distributions to creditors.

15. The Debtor requests that the rejection of the contracts set forth on Exhibit 1 be effective *nunc pro tunc* to the Petition Date. Courts have authorized rejections of executory contracts and unexpired leases, including retroactive rejections, based on the equities of the circumstances. *See Thinking Machines Corp. v. Mellon Financial Servs. Corp. (In re Thinking Machines Corp.),* 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, "[i]n the section 365 context, this means that bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation").

16. Allowing rejection of the contracts set forth on Exhibit 1 to be effective *nunc pro tunc to* the Petition Date would avoid additional and unnecessary administrative costs to the estate that may otherwise arise under those contracts, and will allow the Debtor to continue to operate without the Debtor's estate being burdened by these now-unnecessary contracts for stores which have been closed and vacated. The Debtor has determined that the estate has not and will not benefit from the services provided under the contracts after the Petition Date.

17. Courts in this district and others have authorized similar relief to the relief requested herein. *See, e.g., In re Dormify, Inc.,* Case No. 24-12634 (TMH) (authorizing rejection of leases *nunc pro tunc* to the petition date); *In re Source Interlink Companies Inc.,*

Case No. 09-11424 (KG) (Bankr. D. Del. May 27, 2009) (same); *In re Buffets Holdings, Inc.*, Case No. 08-10141 (BLS) (Bankr. D. Del. Feb. 13, 2008) (same).

## NOTICE

18. Notice of this Motion has been given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Committee; (c) the counterparties to the contracts listed on Exhibit 1; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

19. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with the Chapter 11 Case.

**WHEREFORE**, based upon the foregoing, the Debtor respectfully request entry of an order substantially in the form as the proposed order attached hereto as Exhibit A: (i) authorizing the Debtor to reject the contracts set forth on Exhibit 1 to the proposed form of order effective *nunc pro tunc* to the Petition Date; and (ii) granting further relief as is just and proper.

Dated: August 3, 2025  Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**

By: */s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk, Esq. (Bar ID 3320)
Aaron R. Harburg (Bar ID 7207)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com
aaronh@goldmclaw.com

-and-

6

Jeffrey C. Dan, Esq. (admitted *pro hac vice*)
Matthew McClintock, Esq. (admitted *pro hac vice*)
111 W. Washington Street, Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
jeffd@goldmclaw.com
mattm@goldmclaw.com

*Proposed Counsel for Debtor and*
*Debtor-in-Possession*