**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFM MATTRESS COMPANY LLC,[1] | ) | Case No. 25-11288 (MFW) |
| | ) | |
| Debtor. | ) | **RE: Docket Nos. 244, 247, 305** |

**ORDER (I) CONVERTING CASE FROM CHAPTER 11 TO A CASE UNDER CHAPTER 7; (II) ESTABLISHING A DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS; AND (III) GRANTING RELATED RELIEF**

Upon the motions (the "Motions") of the Official Committee of Unsecured Creditors (the "Committee") and Andrew R. Vara, the United States Trustee for Regions 3 & 9 ("U.S. Trustee") for entry of an order, pursuant to section 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), converting the above-captioned chapter 11 case (the "Chapter 11 Case") to a case under chapter 7 of the Bankruptcy Code; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motions in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motions having been given; and it appearing that no other or further notice of the Motions is required; and this Court having found that the relief requested by the Motions is in the best interests of the

---

[1] The last four digits of the Debtor's federal tax identification number are 2209. The location of the Debtor's corporate headquarters is 1300 Pratt Blvd, Elk Grove Village, IL 60007.

Debtor's estate, its creditors, and other parties in interest; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motions are GRANTED, as set forth herein.

2.  The Chapter 11 Case is hereby converted to a case under chapter 7 of the Bankruptcy Code as of the date of the entry of this Order (the "Conversion Date").

3.  The following Conversion Procedures are hereby approved:

    a.  Professional Fees. All Professionals retained in the Chapter 11 Case (collectively, "Professionals") shall submit final fee applications (the "Final Fee Applications") in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court no later than April 10, 2026 (the "Final Fee Application Deadline"). Objections, if any, to the Final Fee Applications shall be filed and served not later than twenty-one days after the Final Fee Application Deadline. The Court will hold a hearing on Final Fee Applications on May [__], 2026 at _____. To the extent no objections are filed to a given professional's Final Fee Application, such professional may file a Certificate of No Objection, and the Court may, in its sole discretion, enter an order approving such fees. Professionals shall be entitled to payment of their Allowed Professional Fees up to the Carve-Out Cap from cash collateral, as defined by the *Final Order Authorizing Use of Cash Collateral and Granting Related Relief* [Docket No. 136], as administrative expenses of this Chapter 11 Case.

    b.  Turnover.  The Debtor shall forthwith turn over to the chapter 7 trustee all property of the estates under its custody and control (except those necessary to fund the Professional Fees Escrow, as set forth above) as required by Federal Rule of Bankruptcy Procedure 1019(d); *provided*, *however*, that the turnover of the Debtor's books and records are excepted from this subparagraph and addressed by subparagraph d, *infra*.

    c.  Monthly Operating Reports.  Within ten (10) days of the date hereof, the Debtor shall file and transmit to the U.S. Trustee monthly operating reports for post-petition months (or parts thereof) through the date of this Order.

    d.  Books and Records. As soon as reasonably practicable, but in no event more than fourteen (14) days after the appointment of the interim chapter 7 trustee, the Debtor shall turn over or provide access to the chapter 7 trustee the books and records of the Debtor in the Debtor's possession and control, as required by Bankruptcy Rule 1019(d). For purposes hereof, the Debtor may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, or instructions for

locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

e.  <u>Schedule of Unpaid Debts</u>. Within fourteen (14) days of the Conversion Date, the Debtor shall file a schedule of unpaid debts, other than Professionals Fees (which shall be updated upon entry of an order regarding the Final Fee Applications), incurred on and after the Petition Date, including the name and address of each creditor, as required by Bankruptcy Rule 1019(e)(1)(A).

f.  <u>Final Report</u>. Within thirty (30) days after the Conversion Date, the Debtor shall file and transmit to the chapter 7 trustee a final report and account in accordance with Bankruptcy Rule 1019(e)(1)(B).

g.  <u>Section 341 Meeting</u>. A representative of the Debtor and, if requested by the chapter 7 trustee, counsel to the Debtor in the Chapter 11 Case, shall appear at the first meeting of creditors after conversion of the Debtor's case to chapter 7 pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such representative shall be available to testify at such meeting.

4.  The Debtor's remaining leases (collectively, the "<u>Leases</u>") shall be deemed rejected on March 31, 2026. Any claims arising as a result of or in relation to the rejection of the Leases, including claims on account of unpaid pre- and/or post-petition rents or other charges, shall be filed within thirty (30) days of the rejection of such Leases.

5.  The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**Dated: March 16th, 2026**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

3